**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Monroe Morris,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Dennis K. Burke, et al.,<br><br>　　　　　Defendants. | No. CV-10-02124-PHX-NVW<br><br>**ORDER** |

Before the Court is "Defendant United States' Motion to Dismiss" (Doc. 24). As explained below, the Court will grant the motion.

**I.    LEGAL STANDARD**

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Further, *pro se* filings are construed liberally, and the Court will give *pro se* plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II. BACKGROUND

In the late 1970s and early 1980s, Morris was a letter carrier for the U.S. Postal Service. An accident while on duty disabled him and he eventually began collecting workers compensation under the Federal Employees Compensation Act (FECA). Between 1989 and 1991, Morris was informally employed as a handyman at an apartment complex, with a "salary" of $200 per month. Morris had a duty to disclose such income to the Labor Department office administering FECA payments, but he did not do so on the forms he was periodically required to fill out regarding his financial status. The Government somehow learned of his handyman income, and indicted Morris in March 1993 under 18 U.S.C. § 1001, the general federal false statement prohibition, on grounds that Morris had sworn to having no income beyond his FECA benefits.

In October 1993, the Ninth Circuit handed down *United States v. Richardson*, 8 F.3d 15 (9th Cir. 1993), a case about a person, like Morris, charged with violating 18 U.S.C. § 1001 for failure to disclose other income while receiving FECA benefits. The Ninth Circuit held that such a person must be prosecuted under 18 U.S.C. § 1920, a statute specific FECA-related false statements, rather than 18 U.S.C. § 1001. *Richardson*, 8 F.3d at 17.

In light of *Richardson*, the Government voluntarily dismissed the indictment without prejudice in January 1994. Later that year, Congress amended a federal administrative statute, 5 U.S.C. § 8148, to specify that persons convicted under 18 U.S.C. § 1920 forfeit their entitlement to FECA benefits. In January 1995, the Government re-indicted Morris, this time under 18 U.S.C. § 1920. In February 1995, Morris pled guilty to the charge and was sentenced to one year of unsupervised probation and a $250 fine.

Sometime later in 1995, the Labor Department revoked Morris's FECA income as required by 5 U.S.C. § 8148. Documents attached to Morris's complaint suggest that Morris unsuccessfully appealed this decision through Labor Department administrative channels. Those appeals apparently concluded no later than 2001. Sometime in 2010

(according to Morris's complaint) or perhaps in July 2008 (according to documents attached to Morris's complaint), the Labor Department discontinued Morris's health insurance benefits, apparently as part of Morris's forfeiture of FECA benefits under 5 U.S.C. § 8148. It is not clear why the Labor Department took so long to terminate health insurance benefits.

**III.   ANALYSIS**

**A.   Claims in the Nature of a § 2255 Petition**

The first legal claim the Court can discern from Morris's complaint is an attack on the validity of his conviction. Such an attack is in the nature of a habeas petition under 28 U.S.C. § 2255, and the Court will therefore treat it as a § 2255 petition. Under § 2255, Morris's claim is time-barred:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final . . . [or] (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (4). Morris's judgment of conviction became final in 1995, and obviously more than one year has passed since then, so his challenge would be time-barred under that standard. To the extent that Morris's claims about not discovering relevant information until September 2008 are relevant, Morris is still time-barred because he did not file until November 2010, which is more than one year after September 2008. Thus, under either calculation, the limitation period has expired, and Morris can no longer challenge the validity of his conviction.

Even if Morris's challenge was not time-barred, the Court would still dismiss it because Morris's complaint does not explain why his conviction is invalid. Morris repeatedly states that his conviction is void because it fails to comply with the Ninth Circuit's *Richardson* decision. But if anything, *Richardson* proves the opposite. In *Richardson*, the Ninth Circuit held that a person accused of making false statements to

- 3 -

1 obtain FECA disability benefits must be prosecuted under 18 U.S.C. § 1920, a statute
2 specific FECA-related false statements, rather than 18 U.S.C. § 1001, the general federal
3 false statements statute. *Richardson*, 8 F.3d at 17. Morris was convicted of making a
4 FECA-related false statement under 18 U.S.C. § 1920, just as *Richardson* requires.
5 Accordingly, no basis exists to avoid Morris's conviction.

### B. Ex Post Facto Challenge

Morris claims that the Labor Department's decision to revoke his FECA benefits violates the *ex post facto* clause of the Constitution because the statute directing the Labor Department to revoke benefits, 5 U.S.C. § 1848, was not enacted until after Morris committed the conduct that led to his conviction. A Fifth Circuit case, *Garner v. U.S. Dep't of Labor*, 221 F.3d 822 (5th Cir. 2000), is both instructive and persuasive on two important issues involved in Morris's argument: first, whether Morris must complain to the Labor Department about the alleged *ex post facto* violation before filing suit; and second, whether any *ex post facto* violation occurred. Regarding the first question, the Fifth Circuit notes that the Labor Department's decision to revoke benefits is something that the aggrieved party (such as Morris) must usually challenge through the Labor Department's internal procedures. *Id*. at 825. Morris's complaint, and the documents he attaches, suggests that Morris did appeal through Labor's internal procedures. However, if he did not, an exception exists for constitutional challenges such as this one, which the Labor Department itself cannot decide. *Id*. Therefore, Morris need not have exhausted this argument through the Labor Department before bringing this suit.

Nonetheless, Morris needed to file his *ex post facto* challenge to "within six years after the right of action first accrue[d]." 28 U.S.C. § 2401(a). Documents attached to the complaint show that the Labor Department cut off Morris's income benefits in 1995. Accordingly, Morris has filed his challenge too late, at least with respect to the income benefits.

Morris's health insurance benefits, on the other hand, were terminated sometime in 2008 or 2010. Assuming for argument's sake that this termination was a separate

- 4 -

agency decision (rather than an extension of the 1995 decision to terminate income benefits), Morris timely filed suit with respect to his health insurance, but the Court nonetheless agrees with the Fifth Circuit's reasoning in *Garner* that no *ex post facto* violation occurred.

There is no question that the statute which stripped Morris of his FECA benefits, 5 U.S.C. § 8148, did not exist in that form until 1994 — after Morris had failed to report income to FECA. Accordingly, the Labor Department's application of 5 U.S.C. § 8148 to Morris is certainly an application of that statute to previous conduct. However, such application does not violate the *ex post facto* clause unless 5 U.S.C. § 8148 imposes "punishment." *Garner*, 221 F.3d at 826. Applying the Supreme Court's three-part test for determining whether a statute imposes "punishment," the Fifth Circuit in *Garner* concluded that 5 U.S.C. § 8148 primarily addresses "the remedial goal of saving the federal government, and therefore the taxpayers, from expending large sums of FECA funds, funds which are limited in amount, on those who have been convicted of defrauding the program. This obviously is protective of the integrity of the program." *Id.* In addition, "the Supreme Court has made abundantly clear[ that] the denial of a noncontractual governmental benefit does not fall within the historical meaning of legislative punishment." *Id.* Thus, 5 U.S.C. § 8148 does not impose "punishment," as that word is used in connection with the *ex post facto* clause. *Id.* at 827–28; *accord Slugocki v. Department of Labor*, 988 F. Supp. 1443 (S.D. Fla. 1997). Accordingly, Morris's *ex post facto* challenge fails.

### C.     Leave to Amend

Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). Because Morris's claims fail as a matter of law, leave to amend would be futile in this case.

IT IS THEREFORE ORDERED that "Defendant United States' Motion to Dismiss" (Doc. 24) is GRANTED.

1    IT IS FURTHER ORDERED that the Clerk enter judgment in favor of all
2 Defendants and that Plaintiff take nothing.  The Clerk shall terminate this action.
3    Dated this 10th day of May, 2011.

_____
Neil V. Wake
United States District Judge